## GILMAN HARRIMAN & al. vs. FRANCIS HILL.

Where the equitable owner of a note, payable to another, recovered judgment upon it in the name of the payee, and gave the execution to an officer, who took the note of a third person for the amount, payable to the judgment creditor, and discharged the execution; *it was held*, that the equitable owner might maintain an action on the last note, in the name of the payee.

The possession of a note, payable to a third person, and not negotiated, the declaration of the holder, that it was his property, and the leaving it with an attorney for collection as such, in the absence of all opposing proof, are evidence of an equitable assignment of the note to him.

Evidence of such declarations is admissible, as part of the *res gesta.*

EXCEPTIONS from the Court of Common Pleas.

*Assumpsit* on a promissory note, *Jan.* 10, 1833, signed by the defendant, and payable to the plaintiffs or their order, in one month, for $32,77. The general issue was pleaded with a brief statement, alleging, that the plaintiffs have not, and never had, any interest in said note, and never authorized the suit to be commenced or prosecuted in their names. After the note had been read in evidence, the defendant produced, in proof, a certificate, signed by one of the plaintiffs, dated after the commencement of the suit, stating that the plaintiffs never had any interest in the suit, never authorized it to be commenced or prosecuted in their names, and at no time had any knowledge of or interest in the note; and proved, that the other plaintiff had acknowledged, that the certificate contained the truth, and that both the plaintiffs had acknowledged repeatedly, *that* about the time the note became due, the defendant offered to pay them the note, and that they informed him, they had no such note, that they knew of none, and could not inform him where to find it. The note was filed on one end, " *Harriman &* *al.* v. *Hill*," and on the other, " *French* v. *Hill*," and the writ was indorsed on the back thereof, " the property of *Eben'r French*," in the handwriting of the attorneys for the plaintiffs in the suit. *M. P. Norton*, one of the plaintiffs' attorneys, called by the plaintiffs, testified, that in the winter or spring of 1832, one *Kenney* brought to his office, for collection, a note signed by one *Folsom*, and payable to the plaintiffs or order, and not indorsed, and informed the witness, that the note was *Kenney's* property, that the witness sued

Harriman *v.* Hill.

the note in the name of the plaintiffs, recovered judgment, took out an execution and delivered it to one *Higgins*, a deputy sheriff, for collection. The witness also stated, that *Kenney* informed him that he was indebted to *Ebenr. French*, and had drawn an order on the witness in favor of *French* for the proceeds of the *Folsom* note, but whether before or after the *Folsom* suit, the witness could not say. *Higgins*, the deputy, was also called and testified, that he wrote the note in suit, and received it in payment of the execution, being for the debt, costs, and his fees, and that neither he nor the defendant knew, that the demand was assigned, and that he informed *Folsom*, who was a neighbor of the defendant, that the note would be left at *Norton & Moody's* office. To the admission of the declarations of *Kenney*, and to the competency of this evidence to prove any assignment of the original demand to *French*, the defendant objected, but the objections were overruled by the Court, *Perham J.* presiding, and the evidence admitted. The defendant's counsel requested the Court to instruct the jury, that on the evidence, the action could not be maintained, because the plaintiffs have no interest in the note, or in the suit, and never authorized the note to be taken in their names ; that the note might be considered as a note payable to fictitious payees, and as such declared on as a note payable to bearer, or given in evidence on the money counts, and that therefore *French* might have brought an action on it in his own name ; that if the testimony of *Mr. Norton* shew an assignment of the note of *Folsom*, that assignment did not authorize the note in suit to be taken in the name of the present plaintiffs without express authority to do so; that it was the duty of the plaintiff in interest, or his attorney, when the execution was delivered to the officer, to inform him whose property it was ; and that the plaintiffs' attorney by accepting the note in suit of the officer, thereby adopted his act, and that the note in suit must be considered in the same light, as if it had been taken by the plaintiff in interest, or by his attorney. But on all these points the presiding Judge declined instructing the jury as requested, and did instruct them, that although the present plaintiffs might have no knowledge of, or interest in, the note in suit, or of this action, yet if there was a privity between the plaintiffs on the record and the plaintiff in interest, the action could be maintained ; and that there was

evidence from which such privity might be inferred, and that on the evidence, it was their duty to find for the plaintiffs, unless they should be satisfied, that in taking the note in suit there was fraud, improper concealment, a design to enhance costs, or other improper purposes. The jury found a verdict for the plaintiffs, and the defendant filed exceptions to the rulings and instructions of the Court.

Very long and learned arguments in writing were furnished to the Court by *J. B. Hill*, for the defendant, and by *G. B. Moody*, for the plaintiffs.

*Hill* enforced the grounds taken in the Court of Common Pleas, and cited the following authorities. *Baker* v. *Briggs*, 8 *Pick.* 122; 3 *Stark. Ev.* 1300; *Thacher* v. *Winslow*, 5 *Mason*, 55; *Gilmore* v. *Pope*, 5 *Mass. R.* 491; *Pigott* v. *Thompson*, 3 *B. & P.* 147; 13 *Petersdorf*, 528; *Dawes* v. *Peck*, 8 *T. R.* 330; *Doe* v. *Staples*, 2 *T. R.* 696; 1 *East*, 497; 4 *B. & P.* 437; 1 *Lev.* 235; 3 *Lev.* 139; 1 *Maule & Selw.* 575; 13 *Petersdorf*, 90; *Gunn* v. *Cantine*, 10 *John. R.* 387; *Niven* v. *Spickerman*, 12 *Johns.* 401; *Irish* v. *Webster*, 5 *Greenl.* 171; 1 *Dane*, 433; 5 *Greenl.* 417; *Foster* v. *Shattuck*, 2 *N. H. Rep.* 446; *Grant* v. *Vaughan*, 3 *Bur.* 1526; 3 *Salk.* 67; 1 *Ld. Raym.* 180; 3 *T. R.* 481; 1 *H. Black.* 569; *ibid*, 313; 2 *H. Bl.* 288; 4 *Petersdorf*, 270; 1 *Dane*, 435; *Webster's Quarto Dictionary, Privy, Privity*; 2 *Thomas's Coke Lit., Phil. Ed.* 1827, 597; 1 *Dane*, 95, § 2; 4 *Dane*, 143, § 23, 24, 25.

*Moody* cited 1 *Chitty's Pl.* 10; *Alsop* v. *Caines*, 10 *John. R.* 400; *Raymond* v. *Johnson*, 11 *Johns. R.* 488; *Amherst Acad.* v. *Cowles*, 6 *Pick.* 427; *Marr* v. *Plummer*, 3 *Greenl.* 73; *Brigham* v. *Munroe*, 7 *Pick.* 40; *Gaither* v. *F. & M. Bank of Georgetown*, 1 *Peters*, 37; *Martin* v. *Hawkes*, 15 *Johns. R.* 405; *Livingston* v. *Clinton*, 3 *Johns. Cases*, 264; *Brisban* v. *Caines*, 10 *Johns. R.* 45; *Dawson* v. *Coles*, 16 *Johns. R.* 51; *Prescott* v. *Hull*, 17 *Johns. R.* 284; *Titcomb* v. *Thomas*, 5 *Greenl.* 282; *Vose* v. *Handy*, 2 *Greenl.* 334; *Clark* v. *Rogers*, 2 *Greenl.* 143.

The case was continued for advisement, and the opinion of the Court afterwards prepared by

WESTON C. J. — The transfer of a debt due from one man to another, with the evidence by which it is ascertained, is a lawful

transaction. The demand, out of which the one in controversy grew, was a note of hand given by one *Folsom* to the plaintiffs. This note was carried by *Kenney* to Mr. *Norton*, an attorney, for collection, *Kenney* declaring at the time, it was his property. This declaration we doubt not is admissible, as a part of the *res gesta;* and in the absence of all opposing proof, the possession of the note, with the claim and exercise of ownership over it, is evidence that it had been assigned to him. And being his property, he had a right to assign it over to another at his pleasure. The notice he gave his attorney, that he had exercised this right in favor of *French*, was itself an act, which it was competent for *Norton* to prove by his testimony. But whether assigned to *French*, or still remaining the property of *Kenney*, is not at all material in determining the validity of the objections, raised by the counsel for the defendant. They apply with equal force in either case.

When the assignment of a *chose* in action was recognised as lawful, it became necessary to protect the equitable interest of the assignee. The cases, which establish this doctrine, need not be cited. It is sufficient to remark, that the protection has been made effectual, against any improper interference, on the part of the original creditor, to defeat the assignee, or to impair his right to the enjoyment of what has been transferred to him. This is conceded in respect to the demand assigned; but it is insisted that it cannot be carried farther than the necessity of the case requires, and should not be extended to a succession of demands, of which that assigned formed the original consideration. The assignment carries with it an authority to use the name of the assignor, in enforcing the collection of the demand assigned. If extended to derivative claims, courts would take care that this should not be done to his injury. It is not our intention to lay down any general rule, which is to be drawn into precedent, to justify the use of the name of the assignor unnecessarily. The cases, which may require the equitable interference of the Court, are not susceptible of exact limitation. It is intended for the furtherance of right, and the suppression of wrong.

In the case before us, we are satisfied, that the defence set up is without merits, and is an attempt to escape from the obligation of a promise fairly made, upon a legal and adequate consideration. And we are further satisfied, that the course taken by the nominal plain-

tiffs, is inequitable on their part; that they are in no danger of sustaining loss or injury, and that they have nothing to gain by the suppression of this suit, or its termination in favor of the defendant. On the other hand, if the suit is not sustained, the real plaintiff in interest is without remedy; for we cannot accede to the correctness of the assumption, that this is a note given to a fictitious payee. The form of the action secures to the defendant every equitable offset.

He urges his disappointment in not finding the note in the hands of the payee. But he must be presumed to know, that it was negotiable by indorsement, and that it might be assigned, without being indorsed. He had no difficulty to encounter in finding the note at maturity, which he might not have foreseen, from the nature of the instrument.

The officer believed he was discharging his duty acceptably, by taking better security; and he took it in the name of the execution creditor. And this was approved by the real party in interest. We perceive nothing so censurable in this course of proceeding, as to forfeit all claim to the protection of the Court, against the inequitable interference of the payee of the original demand. Under the peculiar circumstances of this case, we are of opinion, that the nominal plaintiffs ought not to be permitted to defeat the suit; but that the assignee of that demand should be protected in enforcing payment against the defendant, who was substituted by his own counsel for *Folsom*, who gave the first note.

*Exceptions overruled.*